## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE RIFLE & PISTOL ASSOCIATION, INC.<br>90 S. Swan Street, Suite 395<br>Albany, New York 12210,<br><br>ROBERT NASH<br>Averill Park, NY 12018, *and*<br><br>BRANDON KOCH<br>Troy, NY 12180,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>GEORGE P. BEACH II, in his official capacity as Superintendent of the New York State Police<br>New York State Police<br>1220 Washington Avenue<br>Building 22<br>Albany, NY 12226, *and*<br><br>RICHARD J. MCNALLY, JR., in his official capacity as Justice of the New York Supreme Court, Third Judicial District, and Licensing Officer for Rensselaer County<br>Rensselaer County Courthouse<br>80 Second Street<br>Troy, NY 12180,<br><br>    *Defendants*. | Civil Action No. 18-cv-134-BKS-ATB |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs New York State Rifle & Pistol Association, Inc., Robert Nash, and Brandon Koch (collectively "Plaintiffs"), by and through the undersigned attorneys, file this Complaint against the above-captioned Defendants, in their official capacities as state and local officials responsible under New York law for administering and enforcing the State's laws and regulations governing

the carrying of firearms outside the home. Plaintiffs seek declaratory and injunctive relief: a declaration that New York's limitation of the right to carry firearms to those who can satisfy licensing officials that they have "proper cause" to exercise that right is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution, and an injunction compelling Defendants to refrain from enforcing that invalid limit and to issue Handgun Carry Licenses to Plaintiffs or to otherwise allow Plaintiffs to exercise their right to carry firearms outside the home. In support of their Complaint against Defendants, Plaintiffs hereby allege as follows:

## INTRODUCTION

1. The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. CONST. amend. II. When the People, by enacting that amendment, enshrined in their fundamental charter the right to "carry weapons in case of confrontation" for the "core lawful purpose of self-defense," *District of Columbia v. Heller*, 554 U.S. 570, 592, 630 (2008), they did not mean to leave the freedom to exercise that right at the mercy of the very government officials whose hands they sought to bind. No, "[t]he very enumeration of the right takes out of the hands of government . . . the power to decide on a case-by-case basis whether the right is *really worth* insisting upon." *Id.* at 634.

2. In defiance of that constitutional guarantee, New York has seized precisely the power forbidden it by the Second Amendment: the power to decide, on a case-by-case basis, whether an applicant for a license to "carry weapons in case of confrontation," *id.* at 592, has, in its estimation, shown sufficiently "proper cause" that a license should be issued, N.Y. PENAL LAW § 400.00(2)(f).

3. Worse still, New York has made clear that a general desire to carry a handgun for the purpose of self-defense—"the *central component*" of the Second Amendment, *Heller*, 554 U.S.

at 599 (emphasis added)—is not a sufficiently good reason to exercise the right. Instead, according to New York, an ordinary citizen must establish a *special need for self-defense* which *sets him apart from the general public* to obtain a license from the State to carry a firearm in public for the purpose of self-defense. That restriction is akin to a state law concluding that the general desire to advocate for lawful political change is not sufficient "proper cause" to exercise the right to free speech, and it cuts to the very core of the Second Amendment, no less than such a restriction would gut the First.

4. Indeed, the practical effect of New York's "proper cause" requirement is to make it wholly illegal for *typical* law-abiding citizens to carry handguns in public for the purpose of self-defense—for by definition, these ordinary citizens cannot show that they face a *special* danger to their safety.

5. Plaintiffs Robert Nash and Brandon Koch are ordinary, law-abiding citizens of New York who wish to carry firearms outside the home for the purpose of self-defense. They have passed all required background checks and met every other qualification imposed by New York on the eligibility for a license to carry a firearm in public for self-defense—except that like the vast majority of ordinary, law-abiding New York residents, they cannot establish a special need for self-protection that is distinct from the general desire for self-defense. Accordingly, Defendant McNally determined that Plaintiffs Nash and Koch have not shown "proper cause" to exercise their Second Amendment rights, and he refused to grant them licenses to carry a firearm outside the home for self-defense. That result simply cannot be squared with the rights guaranteed by the Second Amendment.

6. Plaintiffs acknowledge that the result they seek is contrary to *Kachalsky v. County of Westchester*, 701 F.3d 81 (2d Cir. 2012), but, for the reasons explained in *Wrenn v. District of*

*Columbia*, 864 F.3d 650 (D.C. Cir. 2017), that case was wrongly decided. They therefore institute this litigation to vindicate their Second Amendment rights and to seek to have *Kachalsky* overruled.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiffs' claim under 28 U.S.C. §§ 1331 and 1343.

8. Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2).

## PARTIES

10. Plaintiff Robert Nash is a citizen of the United States and a resident and citizen of the State of New York. He resides in Averill Park, NY 12018.

11. Plaintiff Brandon Koch is a citizen of the United States and a resident and citizen of the State of New York. He resides in Troy, NY 12180.

12. Plaintiff New York State Rifle & Pistol Association, Inc. ("NYSRPA") is a group organized to support and defend the right of New York residents to keep and bear arms. The New York restrictions on the public carrying of firearms at issue in this case are thus a direct affront to NYSRPA's central mission. NYSRPA has thousands of members who reside in New York. Its official address is 90 S. Swan Street, Suite 395, Albany, New York 12210. Plaintiffs Nash and Koch are members of NYSRPA. They are two among many NYSRPA members who have been and continue to be denied the right to carry a firearm outside of the home for the sole reason that they cannot satisfy the State's "proper cause" requirement.

4

13.     Defendant George P. Beach II is the Superintendent of the New York State Police. As Superintendent, he exercises, delegates, or supervises all the powers and duties of the New York Division of State Police, which is responsible for executing and enforcing New York's laws and regulations governing the carrying of firearms in public, including prescribing the form for Handgun Carry License applications. His official address is New York State Police, 1220 Washington Avenue, Building 22, Albany, NY 12226. He is being sued in his official capacity.

14.     Defendant Richard J. McNally, Jr., is a Justice of the New York Supreme Court, Third Judicial District, and a Licensing Officer for Rensselaer County under N.Y. PENAL LAW § 400.00. Pursuant to N.Y. PENAL LAW § 265.00(10), he is responsible for receiving applications from residents of Rensselaer County for a license to carry a handgun, investigating the applicant, and either approving or denying the application. His official address is Rensselaer County Courthouse, 80 Second Street, Troy, NY 12180. He is being sued in his official capacity as a State Licensing Officer.

## FACTUAL ALLEGATIONS

### New York's "Proper Cause" Requirement

15.     New York law generally forbids any person to "possess[ ] any firearm," N.Y. PENAL LAW § 265.01(1), without first obtaining "a license therefor," *id.* § 265.20(a)(3). Violating this ban is a class A misdemeanor, punishable by a fine of $1,000 or less or up to a year in prison. *Id.* §§ 70.15(1), 80.05(1), 265.01. Possessing a *loaded* firearm without a license is a class C felony, punishable by a fine of up to $5,000 or between one and fifteen years imprisonment. *Id.* §§ 70.00(2)(c) & (3)(b), 80.00(1), 265.03.

16.     New York's ban is subject to minor exceptions for active duty members of the military, police officers, and the like. *Id.* § 265.20. An ordinary member of the general public who wishes to carry a handgun outside the home for purposes of self-protection, however, can only do

5

so if he obtains a license to "have and carry [a handgun] concealed" (a "Handgun Carry License"), pursuant to Section 400.00(2)(f) of New York's Penal Law. A person seeking such a license must submit an application—on a form approved by Defendant Beach—to the Licensing Officer for the city or county where he resides. *Id.* § 400.00(3)(a). No license is available to authorize the carrying of handguns within the State openly.

17. To be eligible for a Handgun Carry License, an applicant must satisfy numerous criteria. For example, he must be at least 21 years old, must not have been convicted of any felony or serious offense, must not be an unlawful user of a controlled substance, and must not have a history of mental illness. *Id.* § 400.00(1). Before issuing a license, the Licensing Officer must conduct a rigorous investigation and background check, to verify that each of these statutory requirements is satisfied. *Id.* § 400.00(4).

18. In addition to these rigorous eligibility and screening requirements, a law-abiding citizen may only be granted a Handgun Carry License if he demonstrates that "proper cause exists for the issuance thereof." *Id.* § 400.00(2)(f).

19. In granting a license, some Licensing Officers note certain restrictions on the license, such as "hunting and target." In Rensselaer County, for instance, Licensing Officials routinely grant licenses that are marked "hunting and target," and that they refer to as "restricted licenses." These licenses allow the licensee to carry a firearm only when engaged in those specified activities. Such a license *does not* permit the carrying of a firearm in public for the purpose of self-defense.

20. While New York law grants local Licensing Officials some discretion in determining what constitutes "proper cause" for issuance of an unrestricted Handgun Carry License, this discretion is cabined by the significant body of New York case-law defining that

term. The courts have determined, for instance, that "[a] generalized desire to carry a concealed weapon to protect one's person and property does not constitute 'proper cause.' "*Application of O'Connor*, 585 N.Y.S.2d 1000, 1003 (N.Y. Co. Ct. 1992). They have further clarified that merely traveling through "high crime areas . . . is too vague to constitute 'proper cause' within the meaning of Penal Law § 400.02(f)," *Martinek v. Kerik*, 743 N.Y.S.2d 80, 81 (1st Dep't 2002), and that instead an applicant must "demonstrate a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession," *Klenosky v. New York City Police Dep't*, 428 N.Y.S.2d 256, 257 (1st Dep't 1980), *aff'd,* 53 N.Y.2d 685 (1981).

21.     Accordingly, typical law-abiding citizens of New York—the vast majority of responsible citizens who cannot "demonstrate a special need for self-protection distinguishable from that of the general community," *id.*—effectively remain subject to a flat ban on carrying handguns outside the home for the purpose of self-defense.

### Defendants' Refusal to Issue Plaintiffs Handgun Carry Licenses

22.     Plaintiff Robert Nash is an adult citizen and resident of New York. He is not a law enforcement official or a member of the armed forces, and he does not fall within any of the other exceptions enumerated in N.Y. PENAL LAW § 265.20 to New York's ban on carrying firearms in public.

23.     Mr. Nash does, however, possess all of the qualifications necessary to obtain a Handgun Carry License that are enumerated in N.Y. PENAL LAW § 400.00(1). For example, he is over 21 years of age, he has not been convicted of any felony or other serious offense, and he is not addicted to controlled substances or mentally infirm. He has also passed all required background checks.

24. Mr. Nash does not face any special or unique danger to his life. He does, however, desire to carry a handgun in public for the purpose of self-defense. Mr. Nash lawfully owns several handguns which he keeps in his home to defend himself and his family, and he would carry a handgun for self-defense when he is in public, were it not for Defendants' enforcement of New York's ban on the public carrying of firearms. Mr. Nash is not entitled to a Handgun Carry License by virtue of his occupation, pursuant to Penal Law § 400.00(2)(b)–(e).

25. In or around September 2014, Mr. Nash applied to the Licensing Officer for the county where he resides, Rensselaer County, for a license to carry a handgun in public. After investigation, Mr. Nash's application was granted on March 12, 2015, but he was issued a license marked "Hunting, Target only" that allowed him to carry a firearm outside the home only while hunting and target shooting.

26. Because of these restrictions, Mr. Nash is not able to carry a firearm outside of his home for the purpose of self-defense.

27. On September 5, 2016, Mr. Nash requested the Licensing Officer, Defendant Richard N. McNally, Jr., to remove the "hunting and target" restrictions from his license and issue him a license allowing him to carry a firearm for self-defense. In support of this request, Mr. Nash cited a string of recent robberies in his neighborhood and the fact that he had recently completed an advanced firearm safety training course. Letter from Robert Nash to Richard McNally, Jr. (Sept. 5, 2016) (attached as Exhibit 1).

28. On November 1, 2016, after an informal hearing, Defendant McNally denied Mr. Nash's request and "determined that the 'Hunting, Target only' restrictions [shall] remain on your carry concealed permit." Letter from Richard McNally, Jr., to Robert Nash (Nov. 1, 2016) (attached as Exhibit 2). Defendant McNally "emphasize[d] that the restrictions are intended to

prohibit you from carrying concealed in ANY LOCATION typically open to and frequented by the general public." *Id.*

29. Defendant McNally did not determine that Mr. Nash was ineligible for any of the reasons enumerated in N.Y. PENAL LAW § 400.00(1); indeed, his eligibility is confirmed by the fact that he continues to hold a "restricted" license. Instead, Defendant McNally concluded that Mr. Nash had failed to show "proper cause" to carry a firearm in public for the purpose of self-defense, because he did not demonstrate a special need for self-defense that distinguished him from the general public.

30. In light of Defendant McNally's denial of his request to remove the restrictions on his license, Mr. Nash continues to refrain from carrying a firearm outside the home for self-defense in New York. Mr. Nash would carry a firearm in public for self-defense in New York were it lawful for him to do so.

31. Plaintiff Brandon Koch is an adult citizen and resident of New York. He is not a law enforcement official or a member of the armed forces, and he does not fall within any of the other exceptions enumerated in N.Y. PENAL LAW § 265.20 to New York's ban on carrying firearms in public.

32. Mr. Koch does, however, possess all of the qualifications necessary to obtain a Handgun Carry License that are enumerated in N.Y. PENAL LAW § 400.00(1). For example, he is over 21 years of age, he has not been convicted of any felony or other serious offense, and he is not addicted to controlled substances or mentally infirm. He has also passed all required background checks.

33. Mr. Koch does not face any special or unique danger to his life. He does, however, desire to carry a handgun in public for the purpose of self-defense. Mr. Koch lawfully owns at

9

least one handgun which he keeps in his home to defend himself and his family, and he would carry a handgun for self-defense when he is in public, were it not for Defendants' enforcement of New York's ban on the public carrying of firearms. Mr. Koch is not entitled to a Handgun Carry License by virtue of his occupation, pursuant to Penal Law § 400.00(2)(b)–(e).

34.     In 2008, Mr. Koch was granted a license to carry a handgun in public by the Licensing Officer for the county where he resides, Rensselaer County. However, he was issued a license marked "Hunting & Target" that allowed him to carry a firearm outside the home only while hunting and target shooting.

35.     Because of these restrictions, Mr. Koch is not able to carry a firearm outside of his home for the purpose of self-defense.

36.     In November of 2017, Mr. Koch requested the Licensing Officer, Defendant Richard N. McNally, Jr., to remove the "hunting and target" restrictions from his license and issue him a license allowing him to carry a firearm for self-defense. In support of this request, Mr. Koch cited his extensive experience in the safe handling and operation of firearms and the many safety training courses he had completed. Letter from Brandon Koch to Richard McNally, Jr. (attached as Exhibit 3).

37.     On January 16, 2018, after an informal hearing, Defendant McNally denied Mr. Koch's request and "determined that the 'Hunting, Target only' restrictions [shall] remain on your carry concealed permit." Letter from Richard McNally, Jr., to Brandon Koch (Jan. 16, 2018) (attached as Exhibit 4).

38.     Defendant McNally did not determine that Mr. Koch was ineligible for any of the reasons enumerated in N.Y. PENAL LAW § 400.00(1); indeed, his eligibility is confirmed by the fact that he continues to hold a "restricted" license. Instead, Defendant McNally concluded that

Mr. Koch had failed to show "proper cause" to carry a firearm in public for the purpose of self-defense, because he did not demonstrate a special need for self-defense that distinguished him from the general public.

39. In light of Defendant McNally's denial of his request to remove the restrictions on his license, Mr. Koch continues to refrain from carrying a firearm outside the home for self-defense in New York. Mr. Koch would carry a firearm in public for self-defense in New York were it lawful for him to do so.

40. Plaintiff NYSRPA has at least one member who has had an application for a Handgun Carry License denied solely for failure to satisfy the "proper cause" requirement. But for Defendants' continued enforcement of the New York laws and regulations set forth above, that member would forthwith carry a firearm outside the home for self-defense.

## COUNT ONE

### 42 U.S.C. § 1983 Action for Depravation of Plaintiffs' Rights under U.S. CONST. amends. II and XIV

41. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

42. The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, responsible, adult citizens the fundamental constitutional right to bear arms outside the home. U.S. CONST. amend. II.

43. This Second Amendment right to bear arms in public applies against the State of New York under U.S. CONST. amend. XIV.

44. This Second Amendment right to bear arms in public cannot be subject to a government official's discretionary determination of whether a law-abiding citizen has "proper cause" to exercise that right.

45. A government restriction that limits the right to bear arms in public for the purpose of self-defense to only those few, favored citizens who can demonstrate that they face a special danger to their life effectively operates as a flat ban on the carrying of firearms by *typical* law-abiding citizens, who by definition cannot demonstrate this kind of *atypical* need to bear arms.

46. By infringing the Second Amendment right to bear arms in public in these ways, the New York laws and regulations discussed in the foregoing allegations violate the Second Amendment, which applies to Defendants by operation of the Fourteenth Amendment, both facially and as applied to Plaintiffs Nash and Koch and members of the New York State Rifle & Pistol Association, Inc., and they are therefore invalid.

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiffs pray for an order and judgment:

    a. Declaring that New York's "proper cause" requirement, as set forth in statutes and regulations including but not limited to N.Y. PENAL LAW § 400.00(2)(f), violates the Second and Fourteenth Amendments and is thus devoid of any legal force or effect;

    b. Enjoining Defendants and their employees and agents from denying unrestricted Handgun Carry Licenses to applicants on the basis of New York's "proper cause" requirement, as set forth in statutes and regulations including but not limited to N.Y. PENAL LAW § 400.00(2)(f);

    c. Enjoining Defendants and their employees and agents from enforcing the New York laws and regulations establishing and defining the "proper cause" requirement, including N.Y. PENAL LAW § 400.00(2)(f);

    d.    Ordering Defendants and their employees and agents to issue unrestricted Handgun Carry Licenses to Plaintiffs Robert Nash and Brandon Koch and members of Plaintiff New York State Rifle & Pistol Association, Inc.;

    e.    Awarding Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action, pursuant to 42 U.S.C. § 1988; and

    f.    Granting such other and further relief as this Court deems just and proper.

Dated: May 16, 2018                            Respectfully submitted,

| | |
|---|---|
| David H. Thompson* | *Kathleen McCaffrey Baynes* |
| Peter A. Patterson* | Kathleen McCaffrey Baynes, Bar Roll No. 507154 |
| John D. Ohlendorf* | KATHLEEN MCCAFFREY BAYNES, ESQ., PLLC |
| COOPER & KIRK, PLLC | *Attorney of Record* |
| 1523 New Hampshire Avenue, N.W. | 21 Everett Road Extension, Suite A-4 |
| Washington, D.C. 20036 | Albany, NY 12205 |
| (202) 220-9600 | (518) 489-1098 |
| (202) 220-9601 (fax) | kmb@kmbaynes.com |
| dthompson@cooperkirk.com | |

   *Appearing *pro hac vice*

*Attorneys for Plaintiffs*